UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DASHAWN DUVIVIER,

    Plaintiff,

v.

              Case No. 3:22-cv-512-MMH-JBT

FOOD SERVICE, et al.,

    Defendants.

## **ORDER**

  Plaintiff Dashawn Duvivier, an inmate of the Florida penal system, initiated this action on May 9, 2022, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a request to proceed as a pauper (Doc. 2). He subsequently filed a Notice with exhibits (Doc. 5; Notice), and two additional Notices alleging staff is not taking his psychological emergency seriously and forcing him to harm himself (Docs. 6, 8).[1]

  In the Complaint, Duvivier names the following Defendants: Food Service, Centurion Medical Department, and Dr. Collins. He alleges that on December 9, 2021, the Food Services Department "served him beans and

---

[1] In light of Duvivier's allegations of suicidal and homicidal thoughts, the Clerk entered the Amended Standing Order (Doc. 7) to notify the warden of Duvivier's institution and the Inspector General of Duvivier's assertions.

soybean products that damaged his skin despite his grievance and sick call requests that noted his allergic reactions." Complaint at 5.[2] He further alleges that the Medical Department denied him "proper medical car[e] for his damaged skin," and Defendant Collins violated his rights by failing to send him to a dermatologist. Id. As his injuries, Duvivier states: "My immune system is messed up[.] I can't control my bow[e]l movements[.] I have the runs a lot[,] my nose clogged up[,] . . . my chest be hurting [and] I notice after I eat I get a weird odor . . . coming from my body under my arms [and] my skin is very damaged from them feeding me soybean products [and] beans." Id. at 6 (some capitalization omitted). Duvivier requests monetary damages from each Defendant and an order directing the medical doctors send him to a dermatologist. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law

---

[2] In his Notice, Duvivier indicates that he continues to receive food containing soy, and "Medical isn't do[ing] anything about [his] skin condition that Food Service caused." Notice at 1.

2

or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1)

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what

---

Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional

5

deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Duvivier's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[4] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Duvivier's Complaint is due to be dismissed pursuant to this Court's screening obligation. Preliminarily, the Court observes that "Food Service" and the "Centurion Medical Department" are not "persons" within the meaning of

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

§ 1983, and thus, cannot be sued. See Hix v. Tennessee Dep't of Corr., 196 F. App'x 350, 355-56 (6th Cir. 2006).[5] Insofar as Duvivier intends to name the Food Service Director at Florida State Prison,[6] he has failed to state a claim against that individual. Indeed, Duvivier fails to connect any factual allegations to the Food Service Director. Additionally, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations and citation omitted). Thus, all claims against Food Service, the Food Service Director, and the Centurion Medical Department are due to be dismissed.

As to Dr. Collins, Duvivier alleges that Dr. Collins failed to send him to a dermatologist. Complaint at 5. Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As it relates to medical care, "the Supreme Court has held that

---

[5] In a prior case filed by Duvivier, this Court advised him that "the institution's medical department is not a 'person' amenable to suit under § 1983." Order (Doc. 4), Case No. 3:22-cv-396-MMH-MCR (M.D. Fla. Apr. 19, 2022). Duvivier attached a copy of this order to his Complaint. See Doc. 1-1 at 11-23.

[6] In the Caption of the Complaint, Duvivier lists "FSP Food Service" as a Defendant. Complaint at 1. As "Defendant No. 1" in the body of the Complaint, Duvivier names "Food Service," and underneath he wrote, "Food Service Director." Id. at 2.

7

prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The Eleventh Circuit has explained:

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)

8

("Grossly incompetent or inadequate care can constitute deliberate indifference, . . . as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem).

However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Bingham</u>, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." <u>Bismark v. Fisher</u>, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting <u>Waldrop</u>, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and

9

therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). In sum, the Eleventh Circuit has stated:

> A prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quotation omitted).[7] Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. at 1505 (quotation omitted). We have also emphasized—as have our sister circuits—that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." Id.; accord, e.g., Lamb v. Norwood, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing.").

Keohane, 952 F.3d at 1266.

---

[7] Harris, 941 F.2d at 1504.

10

Here, Duvivier has not presented sufficient allegations to support an Eighth Amendment claim against Dr. Collins. Duvivier alleges that Dr. Collins failed to send him to a dermatologist. However, even coupled with Duvivier's generic assertions regarding his skin condition, this allegation is simply not enough to state an Eighth Amendment claim against Dr. Collins. Indeed, Duvivier's assertions do not permit the Court to infer that Dr. Collins' alleged failure to send Duvivier to a dermatologist amounted to anything more than a disagreement in medical opinion or simple negligence. See Adams, 61 F.3d at 1545.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Duvivier's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of June, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

JAX-3 6/14
c:
Dashawn Duvivier, #J53341